# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO YANEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>M. MAGANA,<br><br>        Defendant. | 1:11-cv-01404-GBC (PC)<br><br>ORDER TO SHOW CAUSE REGARDING EXHAUSTION<br><br>(Doc. 1) |

## I. Factual and Procedural Background

Ricardo Yanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 23, 2011, Plaintiff filed his original complaint. (Doc. 1). On page two of the form complaint, Plaintiff states that he has exhausted administrative remedies. (Doc. 1 at 2). However, Plaintiff's attachments to the complaint contradict his assertion that his administrative remedies have been exhausted. (Doc. 1 at 16, 37). Plaintiff's "Exhibit F" is a document from the administrative appeal office which states that Plaintiff's appeal was rejected because Plaintiff needed to follow the grievance procedure and which entails filing the grievance at the initial level. (Doc. 1 at 16, 37).

## II. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2011). The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2. Three levels of appeal are involved, including the first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.7. Appeals must be submitted within thirty calendar days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.8.

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); *McKinney*, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739 n.5).

The Court may review exhibits attached to the complaint that may contradict Plaintiff's assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First*

*Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  Attached to Plaintiff's complaint, is a letter dated July 30, 2010, from the grievance appeals office at Kern Valley State Prison which states that:

> The Inmate Appeals Branch has received an appeal from you which has been rejected for the following reasons(s): The CDC 602, Inmate/Parolee Appeal Form, must have been accepted and completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator.

(Doc. 1 at 16, 37).  The Supreme Court has held that the exhaustion requirement demands "proper" exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 84, 90-91 (2006). "To 'proper[ly]' exhaust, a prisoner must comply 'with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.'" *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91 ).

In this instance, Plaintiff was informed of the shortcomings of his appeal by the prison's administrative grievance system and was given an explanation of the correct process to pursue an administrative grievance.  (Doc. 1 at 16, 37).  Plaintiff does not attach any documentation to contradict that which he has already submitted which would demonstrate that he attempted to address the shortcomings highlighted in the administrative screening notice.  Since it appears that Plaintiff has failed to comply with the agency's procedural requirements, Plaintiff has not properly exhausted his administrative remedies.  *See Woodford v. Ngo*, 548 U.S. 81, 84, 90-91.

### III.  Conclusion and Order

 Because it appears that Plaintiff has not completed the grievance process, the Court HEREBY ORDERS:

> Within thirty (30) days of the date of service of this order, Plaintiff SHALL SHOW CAUSE why the action should not be dismissed for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:    September 6, 2011

UNITED STATES MAGISTRATE JUDGE