# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO YANEZ, | CASE NO. 1:11-cv-01404-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| MAGANA, | (Doc. 1) |
| Defendant. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**I.   Procedural History**

Ricardo Yanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 23, 2011, Plaintiff filed the complaint which is presently before this Court.  Doc. 1.

**II.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### III. Plaintiff's Complaint

Plaintiff is currently a state prisoner at Kern Valley State Prison (KVSP) in Delano California. The events central to Plaintiff's complaint occurred while he was at prisoner at California State Prison, Corcoran (CSPC) in Corcoran California. Doc. 1. In the complaint, Plaintiff names Correctional Officer Magana as the defendant in this action. Doc. 1 at 1-2. Plaintiff seeks monetary damages. Doc. 1 at 3.

Plaintiff alleges that on August 27, 2009, while he was in the Secured Housing Unit (SHU) of CSPC, Plaintiff received some of his property while the remainder of his property was sent to his home address. Doc. 1 at 3. Plaintiff's property did not arrive home. Doc. 1 at 3. Plaintiff then re-submitted a new trust account withdraw slip on December 16, 2009 to request that his property be shipped home. Doc. 1 at 3. However, Plaintiff's property did not arrive to his home. Doc. 1 at 3. Plaintiff filed a request for information regarding his property. Doc. 1 at 3. On March 26, 2010, Plaintiff received notice from Defendant Magana stating that his property was being processed. Doc. 1 at 3. On April 19, 2010, Plaintiff's SHU term was completed. Doc. 1 at 3. Plaintiff transferred from CSPC to Kern Valley State Prison to discover that his property did not get transferred with him and did not arrive to his home. Doc. 1 at 3. Plaintiff alleges that Defendant Magana is the officer

in charge of all property in CSPC and in charge of Plaintiff's property at the time the property went missing. Doc. 1 at 3.

### IV. Plaintiff's Claims

#### A. Due Process

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, deprivation of an inmate's property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, *see Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, *see Zinermon v. Burch*, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *Hudson*, 468 U.S. at 533.

An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. at 436; *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing prior to the deprivation of a . . . property interest.'" *Halverson v. Skagit County*, 42 F.3d 1257, 1260 (9th Cir. 1995) (internal quotations and citations omitted).

### 1. Analysis

From the facts alleged, it appears that Defendant Magana's actions, at most, amounts to negligence regarding Plaintiff's property and as such fails to state a due process claim under § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

**V.  Conclusions and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed August 23, 2011, is dismissed for failure to state a claim

4

upon which relief may be granted;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    October 22, 2012

UNITED STATES MAGISTRATE JUDGE